**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Petitioner,**

      **v.**                                           **CASE NO. 21-3181-SAC**

**(FNU) MABAN, et al.,**

                **Respondents.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges.[1] The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

Petitioner names as respondents his public defender, (fnu) Maban, and Detective Ryan Hayden. His asserted grounds for relief involve alleged false statements in a police report, misrepresentation of evidence to the state court, ineffective assistance of counsel, and other deficiencies in his ongoing criminal court proceedings.[2] Among other things, Petitioner asks

---

[1] Although the petition refers in passing to the argument that the "[e]vidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt," (Doc. 1, p. 8.) the rest of the petition indicates that Petitioner has not yet been tried by a jury. Online records of the Shawnee County District Court, where the case against Petitioner is pending, similarly reflect that Petitioner is awaiting trial on criminal charges.

[2] Some of Petitioner's assertions of error are confusing, as they allege errors

this Court to order his release, grant injunctive and declarative relief, and award punitive damages, compensatory damages, and nominal damages.

**Discussion**

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

Although § 2241 may be an appropriate avenue to challenge pretrial detention, *see Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

---

occurring during trial or beyond. For example, Petitioner argues that he received ineffective assistance of counsel at trial, his attorney "did not file an appeal," his trial was fundamentally unfair, and he was denied "expert assistance" at trial. (Doc. 1, p. 8.) As explained above, however, it appears that Petitioner has not yet been to trial on the charges for which he is currently being detained.

"*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied here. The state criminal case against Petitioner is ongoing, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, and the state courts provide petitioner the opportunity to present his challenges, including his federal constitutional claims, both currently in the district court and, if necessary, by appeal in the state appellate courts. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165. Petitioner has not done so in this action.

Petitioner is therefore directed to show cause, in writing, on or before September 20, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before September 20, 2021, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of August, 2021, at Topeka, Kansas.

                                                        S/ Sam A. Crow

                                                        SAM A. CROW
                                                        U.S. Senior District Judge