**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Petitioner,**

    **v.**                                              **CASE NO. 21-3181-SAC**

**(FNU) MABAN, et al.,**

                **Respondents.**

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has filed two motions for leave to proceed in forma pauperis (Doc. 2 and 7), which are granted. Petitioner, who is proceedings pro se, is a pretrial detainee facing state criminal charges. On August 18, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to explain, on or before September 20, 2021, why the matter should not be dismissed under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). (Doc. 4.) Although Petitioner did not file a document labeled as a response, he did file three sets of documents with the Court. (Docs. 5, 6, and 8.) After reviewing these documents, the Court will dismiss the action without prejudice pursuant to the abstention doctrine set forth in *Younger*.

**Background and Analysis**

Petitioner is in state pretrial custody at Shawnee County Jail. In this action, he names as respondents his public defender in the state criminal proceedings and Detective Ryan Hayden. His asserted grounds for relief involve only events relevant to the ongoing

state-court criminal proceedings and, as relief, he asks this Court to order his release, grant injunctive and declarative relief, and award punitive damages, compensatory damages, and nominal damages.

As noted in the NOSC, principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances coexist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied here: (1) the state criminal case against Petitioner is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and (3) the state courts provide Petitioner the opportunity—in district court, on appeal, and/or through postconviction motions if necessary—to present his challenges, including his federal constitutional claims. In the NOSC, the Court therefore directed Petitioner to show cause why this matter should not be summarily dismissed without prejudice under *Younger*. (Doc. 4.) Although Petitioner did not file a document labeled as a response, he did file three other documents that included exhibits. (Docs. 5, 6, and 8.)

The Court has carefully considered Petitioner's filings and liberally construed them, as is proper since Petitioner is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'"). Even liberally construed, however, Petitioner's filings do not provide a reason that this Court may intervene in his ongoing state criminal proceedings. They mention neither *Younger* nor abstention, and they do not include any argument against the Court's conclusion *Younger* requires this Court to dismiss the petition.

**Conclusion**

The Court must follow the nondiscretionary abstention doctrine set forth in *Younger* and dismiss this matter without prejudice pursuant to the *Younger* doctrine. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the motions to proceed in forma pauperis (Docs. 2 and 7) are **granted**.

**IT IS FURTHER ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 22nd day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge